# Exhibit 2

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

Errant Gene Therapeutics, LLC,

                Plaintiff,

-against-

Sloan-Kettering Institute for Cancer Research,

                Defendant.

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 1/2/18

1:15-cv-02044 (AJN) (SDA)

**OPINION AND ORDER**

**STEWART D. AARON, United States Magistrate Judge:**

Before the Court is a fee application of Defendant, Sloan-Kettering Institute for Cancer Research ("SKI") (ECF No. 155). For the reasons set forth below, SKI's fee application is granted. Plaintiff, Errant Gene Therapeutics, LLC ("EGT"), is ordered to pay to SKI $88,339.00 in attorneys' fees.

## BACKGROUND

By Opinion and Order, dated June 5, 2017 (ECF No. 149; hereinafter "June 5 Order"), Magistrate Judge Ellis ordered that EGT pay the reasonable attorneys' fees and costs of SKI in bringing two motions for sanctions (*i.e.*, ECF Nos. 100 & 134). Magistrate Judge Ellis also ordered that "SKI submit hours and rates for the Court's approval." Pursuant to the June 5 Order, SKI submitted its hours and rates, and filed a fee application, dated June 19, 2017 (ECF No. 155).[1] On its application, SKI currently is seeking fees in the amount of $122,100.20.[2]

---

[1] SKI's fee application does not seek any amounts for costs associated with its two motions for sanctions.

[2] SKI initially sought to recover fees in the amount of $113,004.20, based on the hours and rates in connection with bringing its two motions for sanctions. (ECF No. 155, at 2.) In July 2017, in its

EGT has opposed SKI's fee application and supplement. (ECF Nos. 168 & 180.) EGT asserts in its opposition that SKI's application is "excessive," and EGT requests at least a "90% reduction." (Pl.'s Opp. to Def.'s Fee Appl., ECF No. 168 at 3.) EGT also asserts that the hours spent by SKI's attorneys were "staggering." (Id. at 4.)[3]

After the retirement of Magistrate Judge Ellis, SKI's fee application was assigned to this Court.

## DISCUSSION

I. **Applicable Legal Standards**

The June 5 Order requires EGT to pay SKI's "reasonable attorneys' fees." (ECF No. 149.) In determining reasonable attorneys' fees in this case, the Court will use the lodestar approach to determine a "presumptively reasonable fee" by calculating the number of hours reasonably expended by counsel on the litigation and multiply that number of hours by reasonable hourly rates. *Millea v. Metro-North R.R. Co.*, 658 F.3d 154, 166 (2d Cir. 2011) (internal quotation marks

---

reply memorandum, SKI supplemented its fee application, seeking additional fees for preparing its application and its reply memorandum (*See* ECF No. 173.) The Court in its discretion declines to base its award on any amounts in excess of those sought in the initial fee application.

[3] In its Sur-Reply filed with permission of the Court (ECF No. 180), EGT seems to argue that it should no longer be sanctioned pursuant to the June 5 Order, in view of Magistrate Judge Ellis's Opinion and Order, dated October 16, 2017 (the "October 16 Order"), wherein Judge Ellis declined to hold EGI in contempt. (ECF No. 177.) EGI argues that October 16 Order "vitiates and supersedes" the June 5 Order. (ECF No. 180 at 2.) This challenge to the June 5 Order is not properly before the Court, inasmuch as no motion has been made directed to the June 5 Order, and this Court on the motion before it need only determine the amount of reasonable attorneys' fees due. In any event, the Court notes that the October 16 Order makes explicit references to the June 5 Order without calling it into question in any way. (*See* ECF No. 177 at 1, 3.) Further, the October 16 Order draws a distinction between the situation presented in the October 16 Order and that presented by the "prior two sanctions orders," one of which was the June 5 Order. (*Id.* at 17.)

2

omitted). The Court "enjoys broad discretion in determining the amount of a fee award." *Vincent v. Comm'r of Soc. Sec.*, 651 F.3d 299, 307 (2d Cir. 2011).

To determine the reasonable hourly rate, the Court's analysis is guided by the market rate "prevailing in the community for similar services by lawyers of reasonably comparable skill, experience and reputation." *Blum v. Stenson*, 465 U.S. 886, 895 n.11 (1984). Generally, the relevant community is the district in which the district court sits. *Arbor Hill Concerned Citizens Neighborhood Ass'n v. Cty. of Albany*, 522 F.3d 182, 190 (2d Cir. 2008). The Court is to evaluate the "evidence proffered by the parties" and may take "judicial notice of the rates awarded in prior cases and the court's own familiarity with the rates prevailing in the district." *Farbotko v. Clinton Cty.*, 433 F.3d 204, 209 (2d Cir. 2005).

In making its determination, the Court "examines the particular hours expended by counsel with a view to the value of the work product of the specific expenditures to the client's case." *Luciano v. Olsten Corp.*, 109 F.3d 111, 116 (2d Cir. 1997). A court-awarded attorneys' fee must compensate only for "hours reasonably expended on the litigation," not for "hours that are excessive, redundant, or otherwise unnecessary." *Hensley v. Eckerhart*, 461 U.S. 424, 433-34 (1983). If the number of hours recorded by counsel is disproportionate to the work performed, the Court should reduce the stated hours in making its fee award. *See id.* at 433.

Finally, the determination of fees "should not result in a second major litigation." *Id.* at 437. "[T]rial courts need not, and indeed should not, become green-eyeshade accountants. The essential goal in shifting fees (to either party) is to do rough justice, not to achieve auditing perfection. So trial courts may take into account their overall sense of a suit, and may use estimates in calculating and allocating an attorney's time." *Fox v. Vice*, 563 U.S. 826, 838 (2011).

II. <u>Application</u>

The Court has carefully reviewed SKI's fee application, reply papers and time records, as well as EGT's opposition and sur-reply papers, and concludes in its discretion that a reduction in the fees sought by SKI is appropriate, as explained below.

A. <u>Hourly rates</u>

The Court finds from relevant case law,[4] and from its own experience litigating in this District, that the rates sought by SKI are reasonable, but makes certain adjustments. First, the Court notes that the hourly rate for partner Charles Weiss was reduced from $780.00 in 2016 to $765.00 in 2017, and thus will use the lower hourly rate in calculating reasonable fees due for his time. Second, the Court notes that the hourly rate for associate Lin Weeks increased from $325.00 in 2016 to $382.00 in 2017 (a 17.5% increase), in circumstances where the hourly rate for Mr. Weiss decreased (as noted above), and the hourly rate for the other two associates increased by less than one percent. Thus, the Court will use the 2016 hourly rate of $325.00 for Mr. Weeks in calculating reasonable fees due for his time. The Court in its discretion also will use the 2016 hourly rate of $450.00 for the time billed by associate Leonie W. Huang.

B. <u>Number of hours</u>

The Court finds that the number of hours billed by Charles Weiss, the sole partner staffed to the matter, were reasonable, but that the number of hours billed by associates should be

---

[4] *See, e.g., MSC Mediterranean Shipping Co. Holding S.A. v. Forsyth Kownacki LLC*, 16-CV-8103 (LGS), 2017 WL 1194372, at *3 (S.D.N.Y. March 30, 2017) (approving as reasonable hourly rates $569.02 to $753.42 for associates and $874.60 to $1048.47 for partners).

4

reduced. SKI seeks payment for 172.2 hours of time for associate Leonie Huang.[5] In determining the reasonableness of hours expended for fee-shifting purposes, there is a balance to be struck between principles of thoroughness and efficiency. Indeed, what one party finds to be thorough may seem to the other party to be excessive. Ms. Huang billed substantial amounts of time to the matter. Indeed, for 10 of the time entries of Ms. Huang, which were in excess of 8 hours per day, SKI itself reduced each of those entries to 8 hours. (Decl. of C. Weiss, ECF No. 156, ¶ 9.) Then, in addition to 42.7 hours of junior associate time, Benjamin Wilson, a senior associate,[6] also billed time to the matter. Although the addition of a third associate to the litigation team may have brought value to the client, the Court finds in its discretion that it is not reasonable to pass along to EGT the cost of the time for Mr. Wilson. Moreover, the Court finds 150 hours of Ms. Huang's time to be a reasonable amount of time for which to compensate SKI.

### C. Fees awarded

Taking into account all the relevant factors under applicable law, the Court determines in its discretion that the following chart represents the reasonable attorneys' fees due to SKI on its application:

---

[5] The 179 hours for Ms. Huang for which SKI sought fees in its initial application were reduced by the 6.8-hour entry that SKI admits was erroneously included as part of its application. (*See* ECF No. 173 at 4.)

[6] Although Mr. Wilson was an associate at the time the fee application was filed (*see* ECF No. 155), the Holland & Knight website now lists him as a partner of the firm.

5

| NAME | TITLE | HOURS | RATE | FEES |
|---|---|---|---|---|
| Charles A. Weiss | Partner | 9.1 | $765.00 | $ 6,961.50 |
| Leonie W. Huang | Associate | 150 | $450.00 | $67,500.00 |
| Lin F. Weeks | Associate | 42.7 | $325.00 | $13,877.50 |
| TOTAL | | | | **$88,339.00** |

The Court therefore awards $88,339.00 to SKI on its fee application.

## CONCLUSION

For the foregoing reasons, Defendant SKI's fee application (ECF No. 155) is granted, and Plaintiff EGT is ordered to pay the sum of $88,339.00 to Defendant SKI.

Dated: New York, New York
January 2, 2018

SO ORDERED.

_____
**STEWART D. AARON**
**United States Magistrate Judge**

6