UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| SAN ROCCO THERAPEUTICS, LLC, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> NICK LESCHLY, et al., ) <br> ) <br> Defendants. ) | Civil Action No. 23-10919-ADB |

REPORT AND RECOMMENDATION
[Docket Nos. 76, 78]

February 1, 2024

Boal, M.J.

Plaintiff San Rocco Therapeutics, LLC ("SRT") brings claims for civil violations of the Federal Racketeer Influenced and Corrupt Organizations Act ("RICO"), the Sherman Antitrust and Clayton Act, unfair competition under M.G.L. c. 93A, and antitrust violations under M.G.L. c. 93, §§ 4 and 5 against several defendants, including Dr. Craig Thompson. Dr. Thompson has moved to withdraw his affidavit submitted in support of his motion to dismiss and to file a corrected affidavit. Docket No. 76. SRT opposes Dr. Thompson's motion and has moved for sanctions against Dr. Thompson and his counsel pursuant to Rule 11 of the Federal Rules of Civil Procedure. Docket No. 78.[1] For the following reasons, this Court recommends that Judge Burroughs grant Dr. Thompson's motion to withdraw his affidavit and file a corrected affidavit and deny SRT's motion for sanctions.

---

[1] On December 21, 2023, Judge Burroughs referred the motions to the undersigned. Docket No. 80.

1

I.      RELEVANT BACKGROUND

In this action, SRT generally alleges that the defendants engaged in an enterprise and unlawful acts in order to harm and sabotage SRT's competing drug product. On October 23, 2023, Dr. Thompson moved to dismiss the claims against him on the grounds that the Court lacks personal jurisdiction over him and that SRT has failed to state a claim. Docket No. 64. In support of his motion, Dr. Thompson submitted a declaration, sworn under the pains and penalties of perjury, making, among others, statements about Thompson's relationship with Agios Pharmaceuticals ("Agios") and the other defendants in this action (the "Original Declaration"). Docket No. 64-1.

On November 28, 2023, SRT sent a letter to counsel for Dr. Thompson alleging that Dr. Thompson submitted false and materially misleading statements in the Original Declaration. Docket No. 77-1 at 2-3.[2] SRT also served Dr. Thompson's counsel with a draft motion for Rule 11 sanctions and asked Thompson to withdraw the motion to dismiss. See id. at 4-121. According to SRT, Dr. Thompson's statements that he (1) "never held a position at Agios;" (2) "had no role in operating Agios;" and (3) "never served as a director of Agios" were false. See Docket No. 77-1 at 12. In addition, SRT maintained that Dr. Thompson lied about the identity of the other co-founders of Agios and misrepresented his business relationships with defendant Third Rock. Id. at 13-14. SRT advised Dr. Thompson that if he did not withdraw his motion to dismiss within 21 days, it would file the motion in accordance with Rule 11(c) of the Federal Rules of Civil Procedure. Id. at 2-3.

---

[2] Citations to "Docket No. ___" are to documents appearing on the Court's electronic docket. They reference the docket number assigned by CM/ECF, and include pincites to the page numbers appearing in the top right corner of each page within the header appended by CM/ECF.

On December 15, 2023, Dr. Thompson filed a motion to withdraw the Original Declaration and to file a corrected declaration. Docket No. 76. A redline of the relevant changes in the corrected declaration is as follows:

> 8. In 2007, I founded ~~CBT~~ Cancer Metabolism Therapeutics, Inc. ("CMT"), along with Dr. Tak Mak from the University of Toronto and Dr. Lewis Cantley at Beth Israel Deaconess in Boston. Michael Su was CMT's President and first employee. In 2008, ~~CBT Therapeutics~~ CMT became Agios Pharmaceuticals, Inc. ("Agios").
>
> 9. ~~I have never held a position at Agios, nor did I hold a position on the board of directors. From 2007~~ From 2007 until 2008, I served on the company's Board of Directors. Starting in March 2008, I had observation rights to attend Board of Directors' meetings; this right ended in June 2008. Dr. Mak thereafter became the founder-designated Board observer. From its inception in 2008 until 2022, I served on the scientific advisory board at Agios, for which I received monetary compensation as a consultant. My role on the scientific advisory board effectively ended in 2020, when Agios sold off its oncology business, though I stayed on until 2022 while the scientific advisory board transitioned away from oncology.
>
> ~~10. I have had no role in operating Agios.~~
>
> ~~11. I never served as a director or officer of Agios.~~
>
> 10. ~~12.~~ As part of the founding of Agios, Dr. Mak, Dr. Cantley, Dr. Su and I received founders' shares in the ~~public~~ company. ~~These shares were fully exercised in December 2007.~~
>
> 11. ~~13.~~ I sold approximately half of my founders' shares in Agios in 2014, after the company went public in 2013.
>
> 12. ~~14.~~ I placed nearly all of the remaining founders' shares in an irrevocable trust for my children. The founders' shares in the irrevocable trust were sold in 2021.

13. ~~15.~~ I sold the entirety of my remaining founders' shares of Agios in early 2018.

14. ~~16.~~ I do not have any other shares or holdings in Agios, and I have not held any interest, shares, or holdings in Agios since 2018.

**Relationships with Other Defendants**

~~17. I do not have any business relationships with any Defendants named in this action.~~

15. ~~18.~~ While I have had a few conversations with Nick Leschly since 2012, I do not believe that I have spoken to him since 2016.

<u>16.</u>   ~~19.~~ <u>I have never met, or to my knowledge, communicated with Mitchell Finer</u>.

<u>17.</u>   ~~20.~~ I have never met, or to my knowledge, communicated with Philip Reilly.

<u>18.</u>   ~~21.~~ I have never owned any interest in ~~or invested with~~ Third Rock Ventures LLC. <u>After the Agios transactions, to my knowledge, I have not been involved in a transaction where Third Rock was a party.</u>

19. ~~22.~~ I have never owned any interest in bluebird bio, Inc.

20. ~~23.~~ I have never owned any interest in 2seventy bio, Inc.

21. ~~24.~~ I have never owned and have not been promised any interest in bluebird bio, Inc.'s BB305 drug product.

<u>Docket No. 86-1</u>. SRT opposed Dr. Thompson's motion to withdraw the Original Declaration and file a corrected declaration. <u>Docket No. 77</u>. SRT maintains that the proposed corrected declaration contains new false and misleading statements or, at the very least, raises additional questions. <u>Id.</u> at 5. SRT argues that withdrawal of the Original Declaration and filing of a new declaration is insufficient and that Dr. Thompson should be required to withdraw his motion to dismiss. See <u>id.</u>

On December 20, 2023, SRT filed a motion for sanctions pursuant to Rule 11 of the

Federal Rules of Civil Procedure.  Docket No. 78.  Thompson filed an opposition on January 3, 2024.  Docket No. 86.  SRT filed a reply on January 10, 2024.  Docket No. 92.  On January 17, 2024, Dr. Thompson filed a surreply.  Docket No. 93.  This Court heard oral argument on January 31, 2024.

II.     ANALYSIS

    A.     Standard Of Review

Rule 11(b) provides that by presenting to the court a pleading, written motion, or other paper, an unrepresented party certifies that to the best of his knowledge, information, and belief, formed after an inquiry reasonable under the circumstances:

> (1) it is not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation;
> (2) the claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law;
> (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and
> (4) the denials of factual contentions are warranted on the evidence or, if specifically so identified, are reasonably based on belief or a lack of information.

Fed. R. Civ. P. 11(b).  Failure to comply with Rule 11(b), may result in sanctions.  See Fed. R. Civ. P. 11(c).  Rule 11, however, "is not a strict liability provision, and a showing of at least culpable carelessness is required before a violation of the Rule can be found."  CQ Int'l Co., Inc. v. Rochem Intern., Inc., USA, 659 F.3d 53, 60 (1st Cir. 2011) (citing Citibank Global Mkts., Inc. v. Santana, 573 F.3d 17, 32 (1st Cir. 2009)).  "[T]he mere fact that a claim ultimately proves unavailing, without more, cannot support the imposition of Rule 11 sanctions."  Id. (citing Protective Life Ins. Co. v. Dignity Viatical Settlement Partners, L.P., 171 F.3d 52, 58 (1st Cir. 1999)).

Rule 11 is "intended to facilitate case management, not to increase caseload by requiring a district court to analyze the reasonableness of legal and factual contentions that it would otherwise not have to ascertain." Id. at 62. The First Circuit has stated that "[it] will not invite full-scale satellite litigation in the area of sanctions, nor will [it] require district courts to spend valuable judicial resources in punctiliously analyzing the reasonableness of each and every legal and factual contention made by a party where . . . such analysis is not necessary to resolve the merits of the central claim in dispute." Id.

Rule 11 requires the moving party to follow certain procedural requirements. First, the motion "must be made separately from any other," and it "must be served [on the offending party and/or attorney] under Rule 5, but it must not be filed or be presented to the court if the challenged paper, claim, defense, contention, or denial is withdrawn or appropriately corrected within 21 days after service or within another time the court sets." Fed. R. Civ. P. 11(c)(2).

"Together, these provisions provide a 'safe harbor' for attorneys, law firms, or parties accused of sanctionable conduct by their opponent." Triantos v. Guaetta & Benson, LLC, __ F.4th __, 2024 WL 339978, at *2 (1st Cir. Jan. 30, 2024). These requirements are mandatory. Id. "[T]he object of the safe harbor is to allow a party to privately withdraw a questionable contention without fear that the withdrawal will be viewed by the court as an admission of a Rule 11 violation." Id. (quoting Young v. City of Providence ex rel. Napolitano, 404 F.3d 33, 39 (1st Cir. 2005)). "Failure to comply with these 'carefully wrought' procedural requirements 'disqualif[ies]' Rule 11 as a basis for sanctions." Triantos v. Guaetta & Benson, LLC, 52 F.4th 440, 447 (1st Cir. 2022) (citing Lamboy-Ortiz v. Ortiz-Velez, 630 F.3d 228, 244 (1st Cir. 2010)).

B.  Rule 11 Sanctions Are Not Warranted Because Dr. Thompson Sought To Correct His Declaration Within The 21-Day Safe Harbor Period

As referenced above, Rule 11 allows the non-moving party to withdraw or correct "the

challenged paper, claim, defense, contention or denial" within 21 days of service of the proposed Rule 11 motion for sanctions. Fed. R. Civ. P. 11(c)(2); see Caffeinate Labs, Inc. v. Vante, Inc., No. 16-12480-GAO, 2017 WL 2889031, at *1 (D. Mass. Jul. 6, 2017). "[S]anctions may be sought only if the challenged pleading is not withdrawn or corrected within twenty-one days after service of the motion." Triantos, 2024 WL 339978, at *2 (emphasis in original). Here, Dr. Thompson sought to withdraw the Original Declaration and file one correcting the deficiencies identified by SRT within the 21-day safe harbor period. He has taken the actions contemplated by Rule 11. As such, his motion to withdraw the Original Declarations should be granted and sanctions are not warranted.

SRT nevertheless argues that withdrawal of the Original Declaration is insufficient and that only a withdrawal of Dr. Thompson's motion to dismiss in its entirety would comply with Rule 11's safe harbor provision. See Docket No. 92 at 6-7. It does not appear, however, that the challenged statements materially impact the substance of Dr. Thompson's motion to dismiss. While the Original Declaration understated Dr. Thompson's connection to Agios, the memorandum acknowledges that Dr. Thompson founded Agios and was once a shareholder in the company. See Docket No. 64 at 15-17. Rather, Dr. Thompson argues that any such connection is irrelevant to this litigation and does not support the Court's exercise of personal jurisdiction over him. See Docket No. 64 at 15-17. Similarly, the memorandum acknowledges Third Rock's investment activity with respect to Agios and that SRT has alleged that Dr. Thompson engages in business relationships with the other defendants, but argues that such facts do not support jurisdiction. See id. at 17.[3] The challenged statements are not contained within

---

[3] Moreover, withdrawal of the motion to dismiss in its entirety is inappropriate where Dr. Thompson has also moved to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil

7

Dr. Thompson's memorandum of law in support of his motion to dismiss.[4]

Finally, to the extent SRT argues that the corrected declaration contains new false and misleading statements, see Docket No. 92 at 7-8, such alleged new inaccuracies should be fleshed out in the context of Rule 11's safe harbor procedures.[5] Cf. Lawrence v. Richman Group of CT LLC, 620 F.3d 153, 158 (2d Cir. 2010) ("[T]he filing of an amended pleading resets the clock for compliance with the safe harbor requirements of Rule 11(c)(2) before a party aggrieved by the new filing can present a sanctions motion based on that pleading to the district court."). Accordingly, SRT's motion for sanctions should be denied.

III.     RECOMMENDATION

For the foregoing reasons, this Court recommends that Judge Burroughs grant Dr. Thompson's motion to withdraw his affidavit and file a corrected affidavit and deny SRT's motion for sanctions.

---

Procedure on the grounds that the complaint fails to state a claim and the Court may not consider Dr. Thompson's declaration in connection with that portion of the motion.

[4] At oral argument, this Court asked counsel for SRT to identify which statements in the memorandum in support of Dr. Thompson's motion to dismiss should be withdrawn based on the corrections to the Original Affidavit. Counsel was unable to identify any such statements. Rather, she pointed to statements setting forth SRT's allegations regarding Dr. Thompson.

[5] SRT also argues that Dr. Thompson has committed perjury. Docket No. 79 at 15-16; Docket No. 92 at 11. Perjury, however, has a scienter requirement. Arroyo-Perez v. Demir Group Intern., 762 F.Supp.2d 371, 373 (D.P.R. 2011). "To constitute perjury, the defendant must have believed when he delivered his testimony that it was apocryphal." Id. (citing United States v. Reverón Martinez, 836 F.2d 684, 689 (1st Cir. 1988)). "Far from establishing that [Dr. Thompson] has engaged in willful false testimony, [SRT] has simply raised an issue that is 'ripe for impeachment and the jury's determination of the party's credibility.'" Safari v. Cooper Wiring Devices, Inc., No. 3:11CV12-RJC-DSC, 2012 WL 1247195, at *2 (W.D.N.C. Jan. 23, 2012) (citation omitted). In any event, perjury is a criminal charge and does not give rise to civil liability. Arroyo-Perez, 762 F.Supp.2d at 373.

IV.     REVIEW BY DISTRICT JUDGE

The parties are hereby advised that under the provisions of Fed. R. Civ. P. 72(b), any party who objects to these proposed findings and recommendations must file specific written objections thereto with the Clerk of this Court within 14 days of service of this Report and Recommendation.  The written objections must specifically identify the portion of the proposed findings, recommendations, or report to which objection is made, and the basis for such objections.  See Fed. R. Civ. P. 72.  The parties are further advised that the United States Court of Appeals for this Circuit has repeatedly indicated that failure to comply with Fed. R. Civ. P. 72(b) will preclude further appellate review of the District Court's order based on this Report and Recommendation.  See Phinney v. Wentworth Douglas Hospital, 199 F.3d 1 (1st Cir. 1999); Sunview Condo. Ass'n v. Flexel Int'l, Ltd., 116 F.3d 962 (1st Cir. 1997); Pagano v. Frank, 983 F.2d 343 (1st Cir.1993).

/s/ Jennifer C. Boal
JENNIFER C. BOAL
United States Magistrate Judge