

980 Jolly Road, Suite 110
PO Box 3001
Blue Bell, PA  19422
610.397.6500    610.397.0450
WWW.FOXROTHSCHILD.COM

ERIKA M. PAGE
Direct No: 610.397.2232
Email: EPage@FoxRothschild.com

March 25, 2024

**VIA ECF**

The Honorable Allison D. Burroughs
United States District Judge
John Joseph Moakley U.S. Courthouse
1 Courthouse Way, Suite 2300
Boston, MA 02210

**Re:** *San Rocco Therapeutics, LLC v. Leschly, et al.*,
<u>Case No. 1:23-cv-10919-ADB (D. Mass.)</u>

Dear Judge Burroughs:

On behalf of Plaintiff, San Rocco Therapeutics, LLC ("SRT"), I write to oppose the filing of the "Notice of Attorneys' Lien" (ECF 102) by Lenore Horton and Shantilla Shera B. Cairns of Horton Legal Strategies (collectively "Horton"), SRT's former counsel who voluntarily withdrew from the action with the other Parties' consent. *See* ECF 100, ECF 101. For the reasons set forth below, Horton's filing of its present notice is not only procedurally improper, but also prejudicial to SRT.

The statute Horton cites in support of its notice, Mass. Gen. Laws ch. 221 § 50, is ***a Massachusetts state procedural law*** that has no applicability to either the Federal or Local Rules of Civil Procedure. *See* Mass. Gen. Laws ch. 221 § 50. Even if that were not the case, Horton has clearly failed to abide by the procedures set forth within the statute. Specifically, the statute provides that Horton may be entitled to submit a lien on any of the proceeds SRT may ***ultimately recover*** within this case, so long as such a lien is ***reasonable***. *See* Mass. Gen. Laws ch. 221 § 50 (emphasis added). Because the present matter is only in the early stages of litigation, Horton's present notice is untimely. Furthermore, there is no feasible way to determine whether any amount on the supposed "lien" is reasonable.

Horton's actions are particularly egregious under the circumstances at bar. Nowhere within its request for consent to withdraw did Horton ask SRT's counsel for her consent to file its present

A Pennsylvania Limited Liability Partnership

California    Colorado    Delaware    District of Columbia    Florida    Georgia    Illinois    Massachusetts    Minnesota    Missouri
Nevada    New Jersey    New York    North Carolina    Oklahoma    Pennsylvania    South Carolina    Texas    Washington



March 25, 2024
Page 2

notice. *See* **Exhibit "A"** (Email Conversation). Indeed, when providing SRT's consent to withdraw, SRT's counsel specifically stated as follows: "On behalf of SRT, we assent to you filing your Motion to Withdraw *only*. ***To be clear, we are not authorized by SRT to assent to you filing any other pleadings, apart from the motion to withdraw, with regards to this case.***" *Id.* (emphasis added). The fact that Horton has now filed its present notice of supposed lien—after withdrawing from the case—directly contravenes its conversation with, and representations to, SRT's counsel.

When viewed collectively, each of Horton's actions, *i.e.*, circumventing applicable procedural rules and filing the present notice after it withdrew without the consent of SRT's counsel, demonstrate that Horton has filed the present lien on the public docket for an improper purpose: to convince the public of the unfounded, and entirely untrue, proposition that Horton has a present lien against SRT. This Court should not condone Horton's actions by allowing Horton's present notice to stay on the docket.

For the reasons set forth above, SRT respectfully requests that Horton's Notice of Attorneys' Lien (ECF 102) be stricken from the docket.

Respectfully,

*/s/ Erika Page*

Erika M. Page

EP:tr
Enclosures