# HORTON LEGAL STRATEGIES PLLC

**VIA ECF**
March 25, 2024

The Honorable Allison D. Burroughs
United States District Judge
John Joseph Moakley U.S. Courthouse
1 Courthouse Way, Suite 2300
Boston, MA 02210

Re:   *San Rocco Therapeutics, LLC v. Leschly, et al.,*
      Case No. 1:23-cv-10919-ADB (D. Mass.)

Dear Judge Burroughs:

Please accept this letter in response to the letter, dated March 25, 2024, filed by Erika M. Page and Fox Rothschild (collectively, "Plaintiff's Counsel"). (Doc. 103). As a result of that letter, what would normally be a routine notice filed upon discharge of counsel before resolution of a case is now transformed into a dispute that requires court guidance. On March 22, 2024, Lenore Horton and Shatilla Shera B. Cairns, attorneys of the law firm Horton Legal Strategies PLLC ("HLS") filed a Notice of Attorneys' Lien (the "Notice"). (Doc. 102). The statutory provision for an attorney's lien for fees and enforcement under M.G.L. ch. 221, § 50, states as follows:

> From the authorized commencement of an action, counterclaim or other proceeding ***in any court***, or appearance in any proceeding before ***any state or federal*** department, board or commission, the attorney who appears for a client in such proceeding shall have a lien for his reasonable fees and expenses upon his client's cause of action, counterclaim or claim, upon the judgment, decree or other order in his client's favor entered or made in such proceeding, and upon the proceeds derived therefrom.

(Emphases added). Contrary to Plaintiff's Counsel, this Notice is proper, and this Court – at the appropriate time – can interpret and apply the Massachusetts's statute and determine and enforce the lien at an appropriate time (*i.e.*, upon a motion to enforce the lien). "The statue[*sic*] purports to confer an attorney's lien upon a cause of action regardless of whether suit upon the cause of action is brought in the federal or the state courts. . . . And there is no reason to deny the statute the application to federal suits which it apparently seeks." *In re Hoy's Claim*, 93 F. Supp. 265, 266 (D. Mass. 1950) (interpreting the applicability for M.G.L. c. 221, § 50, in federal court).

Moreover, although Plaintiff's Counsel refers to Chapter 221, Section 50, as simply a "state procedural rule," it is not. "For the right given to the attorney- the security conferred- is not a procedural, **but a substantive right**. *Id.* (citing *Woodbury v. Andrew Jergans Co.*, 69 F.2d 49 (2nd Cir. 1934); *Nolan v. Hemingway Bros. Interstate Trucking Co.*, 88 F.Supp. 111 (S.D.N.Y, 1950)) (emphases added). Accordingly, HLS has a substantive right to preserve its right to payment and has properly filed a notice for the purpose of setting its priority.

Procedurally, the Notice is timely even if a judgment or other order in Plaintiff's favor has not yet been entered. For example, in *U.S. ex rel. Thorpe v. Glaxosmithkline PLC*, C.A. Nos. Civil Action Nos. 03–10641–RWZ, 12–11632–RWZ, 2012 WL 5361036, (D. Mass. Nov 1, 2012), Judge Zobel noted that a Notice of Attorney's Lien was filed "when the action was still pending in the U.S. District Court for the District of Colorado" and that "[t]he action was subsequently transferred to this court, and Counsel have now filed in this action a Notice of Intention to Enforce Attorney's Lien." According to that Notice of Intention, that previous Notice of Attorney's Lien was filed <u>after</u> the client terminated the attorney's services but at least three (3) years <u>before</u> any settlement or other disposition was made. A copy of the Notice of Intention, which sets forth the procedural history concerning the notice of lien, is attached hereto as "<u>Exhibit A</u>". In that case, at no point was either notice stricken from the docket.

In the same vein, HLS filed the Notice after the Court's allowance on the Assented-to Motion to Withdraw Appearances for Good Cause Shown. (Doc. 100). Plaintiff's counsel was informed well in advance that a charging lien would be asserted in connection with termination of representation. Even so, the Notice filed by HLS is a separate issue from the withdrawal, and it is a notice and **not a motion and therefore requires no consent by Plaintiff's counsel.** HLS is aware that the case has not yet reached a disposition and, therefore, has not filed any motion to enforce the lien. Rather, as indicated in the Notice, HLS "reserves the right to seek enforcement of this lien under G.L. c. 221, § 50, with respect to such unpaid and outstanding amounts, *if any exist and as may be determined accordingly, at the time of such judgment*, settlement, decree, or other order in favor of Plaintiff." (Doc. 102) (italics added).

Given that Plaintiff's Counsel has raised an issue with the Notice, for the foregoing reasons, HLS respectfully requests that the Notice of Attorneys' Lien, filed on March 22, 2024, remain on the docket, so that it may maintain its priority, if and when such statutory enforcement and determination of such lien may be necessary.

Sincerely,
<u>/s/ Shatilla Shera B. Cairns</u>
Lenore Horton (pro hac vice withdrawn)
Shatilla Shera B. Cairns, BBO #684985
HORTON LEGAL STRATEGIES PLLC
11 Broadway, Suite 615
New York, NY 10004
(212) 888-9140
lenore@hortonlegalstrategies.com
shatilla@hortonlegalstrategies.com